UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 15-165(28)(JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | PLEA AGREEMENT AND |
| ) | SENTENCING STIPULATIONS |
| v. ) | |
| ) | |
| (28) YVETTE (NMN) KOUAYARA, ) | |
| ) | |
| Defendant. ) | |

The United States of America and Yvette (nmn) Kouayara (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with conspiracy to distribute quantities of mixtures and substances containing detectable amounts of heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

1



2. **Factual Basis.** The United States and the defendant agree on the following factual basis for the plea.[1] The defendant further agrees that were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

a. From at least October 2014 and continuing through at least November 2014, the defendant conspired with others, including her co-conspirators identified in the Indictment, to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone. More specifically, the defendant voluntarily and intentionally joined in an agreement or understanding with others to distribute the above-named controlled substances. The defendant acted voluntarily when she so conspired and knew that her actions violated the law.

b. As part of the conspiracy, the defendant held at least 60 grams of heroin for Omar Sharif Beasley in October and November 2014. The defendant knew that the heroin would be distributed by Omar Sharif Beasley and other co-conspirators in the District of Minnesota. Further, with the aid of others, the defendant voluntarily and knowingly assisted in the distribution of the controlled substances, namely oxycodone and hydromorphone, to communities in and surrounding the Spirit Lake Indian Reservation in the District of North Dakota.

c. The defendant agrees that as part of the conspiracy, she transported and possessed with intent to distribute at least 60 grams of a mixture or substance containing

---

[1] The United States and the defendant agree that not all the facts and circumstances of the conspiracy are outlined in the factual basis. Rather, the factual basis contains only those facts necessary to establish the elements of the offense alleged in Count 1 of the Indictment.

heroin for distribution in the District of Minnesota in October and November 2014. Further, the defendant agrees that on November 6, 2014, she aided in the possession with intent to distribute and distributed at least 218 oxycodone pills and 245 hydromorphone pills on the Spirit Lake Indian Reservation in the District of North Dakota.

3. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum of 20 years' imprisonment;

    b. a supervised release term of at least 3 years;

    c. a fine up to $1,000,000;

    d. a mandatory special assessment of $100;

    e. assessment to the defendant of the costs of prosecution; and

    f. the possible denial of federal benefits under 21 U.S.C. § 862(a)(1).

4. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

3

a. <u>Applicable Guidelines</u>. The applicable version of the Sentencing Guidelines incorporates amendments through November 1, 2015. Guideline Section 2D1.1 applies to Count 1 of the Indictment.

b. <u>Base Offense Level</u>. The parties agree that the base offense level for Conspiracy to Distribute Unlawful Controlled Substances is **20**. U.S.S.G. § 2D1.1(a)(5) and (c)(10); § 2D1.1 cmt. n. **8**.

c. <u>Specific Offense Characteristics</u>. If the defendant's criminal history category is I, the defendant may be eligible for a **2-level** decrease for "safety-valve." This is **not** a binding stipulation and the application of this provision to the defendant will be determined at the time of sentencing. The defendant agrees that, through the time of the sentencing hearing, the defendant will truthfully provide to the United States all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or common scheme or plan. If the defendant does so and also satisfies the remaining requirements of U.S.S.G. § 5C1.2(a)(1)-(5), the defendant will be eligible for a **2-level** decrease pursuant to U.S.S.G. § 2D1.1(b)(17).

d. <u>Chapter 3 Adjustments</u>. The parties agree that the offense level should be decreased by **4** levels, because the defendant was minimal participant in the criminal activity. U.S.S.G. § 3B1.2(a).

e. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and to move for an additional **1-level** reduction under U.S.S.G. § 3E1.1(b).[2] Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the

---

[2] If the defendant is "safety valve" eligible pursuant to U.S.S.G. § 5C1.2(a)(1)-(5) and receives a 2-level reduction pursuant to U.S.S.G. § 2D1.1(b)(17), the defendant is not entitled to receive an additional 1-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(b).

4

defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The parties agree that other than as provided herein no other Chapter 3 adjustments apply.

f. Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is **I or II**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g. Guideline Range. If the adjusted offense level is **12** (safety valve, minimal participant, and acceptance of responsibility), and the criminal history category is **I**, the Sentencing Guidelines range is **10-16** months of imprisonment. If the adjusted offense level is **13** (minimal participant and acceptance of responsibility), and the criminal history category is **II**, the Sentencing Guidelines range is **15-21** months of imprisonment.

h. Fine Range. If the adjusted offense level is 12 or 13, the fine range is $3,000 to $1,000,000. U.S.S.G. § 5E1.2(c)(3).

i. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least 3 years. U.S.S.G. § 5D1.2(c).

j. Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departure from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

6. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines

5

are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment is payable at sentencing.

8. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all of her right, title, and interest to any property applicable to the forfeiture allegations in the Indictment.

9. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

10. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 10-14-2016

ANDREW M. LUGER
United States Attorney

BY: DEIDRE Y. AANSTAD
Assistant U.S. Attorney

MELINDA A. WILLIAMS
Assistant U.S. Attorney

Date: 10-14-16

YVETTE (NMN) KOUAYARA
Defendant

Date: 10-14-16

ANDREW S. GARVIS,
Counsel for Defendant

7