UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(28)(JRT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

(28) YVETTE ALICE KOUAYARA,

        Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Yvette Alice Kouayara. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 5 years' probation with terms and conditions to include community service.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) The defendant was charged in the conspiracy count of the Indictment (Count 1). The defendant was arrested on May 27, 2015, and released on

an unsecured bond and conditions of release on June 9, 2015. Subsequently, the defendant pled guilty to Count 1 on October 14, 2016.

I.	Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley. According to information provided by community members and through investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement learned that the conspiracy extended not only to the Red Lake Indian Reservation, but also to the White Earth Indian Reservation and other Native American communities in North Dakota. During the course of the investigation, law enforcement identified the defendant as co-conspirator involved in the Beasley Drug Trafficking Organization ("DTO"). The defendant is Beasley's step-aunt. The defendant became involved in the DTO in approximately October 2014 to assist in transporting heroin from Detroit, Michigan, to Minnesota. Further, the defendant remained in Minnesota for approximately one month before traveling to the Spirit Lake

Indian Reservation in the District of North Dakota, and meeting up with several other co-conspirators. While in North Dakota, the defendant and several charged and uncharged co-conspirators possessed with intent to distribute and distributed pharmaceutical pills.

During the course of her Change of Plea Hearing on October 14, 2016, the defendant admitted that she transported and possessed with intent to distribute at least 60 grams of heroin and possessed with intent to distribute and distributed 218 oxycodone pills and 245 hydromorphone pills.

II.     Prior Criminal History

As outlined in the Presentence Report prepared in this matter, the defendant became involved in the criminal justice system for the first time after she turned fifty years old. Based on the defendant's prior convictions, the defendant has one criminal history point (Criminal History Category I) involving the following prior convictions:

| Date of Conviction | Conviction | Court of Conviction | Sentence |
|---|---|---|---|
| February 25, 2013 | Misdemeanor Attempted Check – No account | Clinton Township, MI | Sentenced to 45 days' jail or a fine and restitution of $400 |
| January 23, 2015 | Felony Possession with Intent to Deliver Oxycodone | Benson County, ND | Sentenced to 15 years' confinement stayed for 5 years, probation for 5 years |

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone. The PSR correctly determined that the adjusted offense level for conspiracy to distribute 60 to 80 grams of heroin and other pharmaceutical pills is 20. (PSR ¶ 120.) Further, just as the parties had stipulated, the PSR appropriately determined that the defendant is entitled to a four level reduction for her minimal role in the conspiracy. (PSR ¶ 124.) As of today, March 1, 2017, the defendant also complied with the requirements of U.S.S.G. § 5C1.2 ("safety valve"), so the defendant is entitled to a two level reduction. (PSR ¶ 122.) The PSR initially provided that the defendant is entitled to a 3-level adjustment for acceptance of responsibility. (PSR ¶¶ 128-129.) However, because the defendant qualified for a safety valve reduction, the defendant is entitled to a 2-level adjustment for acceptance of responsibility. Therefore, since the defendant has completed the safety valve proffer pursuant to U.S.S.G. § 5C1.2, the defendant's total offense level should be 12. The PSR correctly concluded that the defendant's criminal history category is I. (PSR ¶ 138.)

Thus, based on the Probation Office's guidelines calculations and the corrections noted above, the defendant's Guidelines range for Conspiracy to Distribute heroin and other controlled substances should be 10 to 16 months of imprisonment. (*See* PSR ¶ 181.) And, for the reasons outlined in the next section, the government respectfully requests that

the Court impose a sentence of 5 years of probation with terms and conditions to include community service.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a).  In this case, considering all of the sentencing factors, the government respectfully submits that a 5-year probationary sentence with terms and conditions to include community service is appropriate for the defendant.  Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.      Nature and Circumstances of the Offense

Here, the defendant has fully accepted responsibility for her conduct.  In exchange for money and drugs, the defendant agreed to transport heroin from Detroit, Michigan, to Minnesota for distribution.  Further, the defendant possessed with intent to distribute and

did distribute oxycodone and hydromorphone pills on the Spirit Lake Indian Reservation in the District of North Dakota as part of the Beasley DTO.

Neither Minnesota nor North Dakota are home to the defendant. Rather, the defendant voluntarily agreed to transport heroin and distribute pharmaceutical pills for the Beasley DTO in exchange for drugs and money. The defendant's actions did not only impact her own health and well-being by aiding her own abuse of prescription pills, but her actions impacted innumerable individuals in Minnesota and North Dakota. With the no knowledge of the communities she was in, the defendant had no concern about her role poisoning Native American communities in Minnesota and North Dakota.

The government has agreed that the defendant played a minimal role in the Beasley DTO. However, the defendant still contributed to a significant epidemic of substance abuse, specifically heroin and opioid abuse in Indian Country. Thus, based upon the nature and circumstances of the offense, a sentence of 5 years' probation with terms and conditions to include community service is a fair and just sentence.

II.     History and Characteristics of the Defendant

By the defendant's own report, the defendant has strong family ties despite a dysfunctional childhood fraught with sexual abuse and chemical dependency. Further, the defendant has a significant history of substance abuse. Nonetheless, since being released on conditional release in this matter, the defendant has done well on supervision. The defendant started a chemical dependency program in October 2015, but transferred to the Salvation Army treatment program due to a need for higher care. The defendant has made

remarkable strides in the Salvation Army program since entering in May 2016. The defendant has chosen to continue on in the Salvation Army program and is doing well with her sobriety.

Based on the defendant's lack of criminal history and excellence in completing and maintaining chemical dependency programming, a probationary sentence pursuant to 18 U.S.C. § 3561(c)(1) is warranted. Further, when the defendant's role is compared with other co-conspirators, a probation sentence of 5 years is fair and just.

III.    A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a sentence of 5 years of probation with terms and conditions to include community service balances all these societal and personal factors.

Although the defendant has her own struggles with addiction, the defendant enabled and contributed to the epidemic of heroin and opioid substance abuse in Native American communities in the District of Minnesota and District of North Dakota. There is no secret about the chemical dependency struggles in Native American communities throughout the United States. There is no secret about the outside influences that bring drugs to the

reservation and impact individual community members and the community as a whole. This defendant assisted in transporting heroin to a state and community that were not her own. The defendant chose to not be just a user, but to actively participate in transporting heroin for the Beasley DTO. Further, the defendant actively agreed to possess and distribute pharmaceutical pills for the Beasley DTO. To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for her actions. Further, there must be an adequate sentence in hopes of deterring others from becoming outside influences that bring drugs and negative outside influences to infect an entire community, whether that community is their community or not.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 5 years' probation is a sufficient, but not greater than necessary, sentence.

## CONCLUSION

The government respectfully requests that the Court impose a sentence of 5 years' probation with terms and conditions to include community service. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: March 1, 2017                     Respectfully Submitted,

                                         ANDREW M. LUGER
                                         United States Attorney

                                         *s/Deidre Y. Aanstad*

                                         BY:  DEIDRE Y. AANSTAD
                                         Assistant U.S. Attorney
                                         Attorney ID No. 0331788